IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:18-CR-0398-AT-1 |
| | : | |
| MONTAVIOUS HARDWICK, | : | |
| Defendant. | : | |

# **ORDER**

Presently before the Court is Magistrate Judge Janet F. King's Report and Recommendation ("R&R") [Doc. 40] recommending that the Court deny Defendant's motion to suppress statements [Docs. 187] as well as the motion and amended motion to suppress evidence [Docs. 18, 21] seized pursuant to the execution of a state warrant and subsequent federal search warrant. Defendant Hardwick has filed objections to the R&R [Doc. 46]. A superseding indictment, adding an additional Defendant, was issued subsequent to the filing of the R&R and objections. The case, however, remains certified for trial. Neither the original Indictment Counts focused on Defendant Hardwick nor the Magistrate Judge's R&R appear to be impacted by the addition of further offense counts or a co-

defendant. Accordingly, the Court proceeds to issue this Order on the pending R&R.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objects on several factual and legal grounds to the Magistrate Judge's Report and Recommendation. The Court has carefully reviewed each of the issues de novo.

Upon independent review of the briefs and record in this case, the Court finds that the Magistrate Judge's recommendations be adopted as to (1) the granting of Defendant's motion to suppress his pre-Miranda statement concerning his parole/probation for terroristic threats; (2) denying Defendant's motion to suppress his pre *Miranda* statement that his "shoes, clothes and my weed" were his property in the house, a statement volunteered in response to the officer's questioning whether Defendant had property in the house, as they were executing a search warrant at the location and Defendant had presented his address as located

elsewhere[1]; and (3) defendant's post *Miranda* statements during both interviews be suppressed as a voluntary *Miranda* waiver had been provided and the statements were given on an objectively voluntary basis. The Court thus concludes that the Magistrate Judge's legal and evidentiary analysis is correct and adopts such.

With respect to Defendant's amended motion to suppress (Doc. 21), the Court disagrees with the Magistrate Judge's finding that Defendant lacks standing to challenge the Government's seizure of two phones, iPad, and memory card in the master bedroom. On the current record, the Court finds that the Government's own version of the evidence sufficiently suggests Defendant's linkage to this electronic equipment as to establish Defendant's standing on the current record. That said, the entire question is moot for two reasons: (1) At least as of date of the suppression hearing, January 9. 2019, the Government had not been able to access information from these devices; and (2) the Court agrees with the Magistrate Judge's legal determination that the seizure of these electronic devices, under the circumstances, was legally justifiable in any event under the plain view doctrine. (See, R&R's lengthy applicable legal and factual analysis, Doc. 40 at 22-26.)

---

[1] The Court notes that a reasonable officer would not have anticipated that the Defendant would volunteer he had an unlawful substance (weed) in the house when simply asked if he had property in the house. Defendant has not pointed to any evidence or questioning that suggests that the officer either should have anticipated that his question would elicit this incriminating response or alternatively, actually did anticipate such. If evidence materializes in subsequent proceedings to suggest otherwise, the Court can always revisit this ruling.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 40) and **DENIES** Defendant's Motions and Amended Motions to Suppress) (Doc. 17, 18, 21)) and related Objections (Doc. 46), *subject to* the specific exceptions noted above.

The Court hereby sets the trial date for Montavious Hardwick to begin on February 24, 2020, at 9:30 AM in Courtroom 2308. The pretrial conference is set for February 18, 2020, at 10:30 AM in Courtroom 2308. Defendant is required to attend the pretrial conference or present a written waiver of his attendance. By February 5, 2020, the parties are to file any motions in limine and proposed voir dire questions. By February 5, 2020, the Government is to file a summary of the indictment for use in voir dire. By February 12, 2020, the parties are to file any objections to those items listed above. The time from January 22, 2020, to February 24, 2020, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial.

The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

The First Superseding Indictment in this case was filed on October 22, 2019, adding four counts to Defendant Hardwick which are not the subject of this Order. Should Defendant feel that this case should be de-certified as a result, the Court **DIRECTS** Defendant to file a Motion to Decertify, or to notify the Court that no such motion is necessary, on or before January 28, 2020.

It is **SO ORDERED** this 22nd day of January, 2020.

                                                **AMY TOTENBERG**
                                                **UNITED STATES DISTRICT JUDGE**